# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:13CV-P180-R

JOHN D. ALSTATT *et al.*                                                                                      PLAINTIFFS

v.

STEVEN L. BESHEAR *et al.*                                                                                    DEFENDANTS

## MEMORANDUM AND ORDER

John D. Alstatt, an inmate at the Fulton County Detention Center (FCDC), filed the instant 42 U.S.C. § 1983 action. Five other Plaintiffs also signed the complaint–Ronald C. Fairchild, Curtis E. Brown, Larry C. Van Cleave, Thomas W. Bunn, and Ivan W. Musgrove. The complaint states that Plaintiffs seek to file this action as a class action lawsuit. Plaintiffs each filed individual affidavits as attachments to the complaint. In addition, Alstatt filed an application to proceed without prepayment of fees and attached a page signed by Van Cleave, Musgrove, Brown, and Fairchild, but not Bunn, stating, "Each parties signature above hereby authorize that 20% of our incomes will be conducted from money received so this Class Action suit can be processed as this is authorized under 28 U.S.C. 1746." None of the Plaintiffs filed a prison trust account statement, but Alstatt filed a "Payment Receipt" from his prison trust account only. Alstatt also filed motions to be transported to a Kentucky Department of Corrections facility, to obtain discovery, and to appoint counsel. These motions were signed by Alstatt only.

Before the Court can rule on any of the pending motions, it must clarify who the parties are. While Plaintiffs attempt to file this case as a class action, a *pro se* prisoner without legal training is not able to represent a proposed class adequately. *See Heard v. Caruso*, 351 F. App'x

1, 15 (6th Cir. 2009) (citing Fed. R. Civ. P. 23; *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted)); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("No representative party was available because pro se prisoners are not able to represent fairly the class."); *Giorgio v. State of Tenn., Dep't of Human Servs. of Nashville and Jefferson Cnty.*, No. 95-6327, 1996 U.S. App. LEXIS 22574, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."). Therefore, Plaintiffs cannot assert this case as a class action.

In order for these Plaintiffs to file this action jointly, the claims must satisfy the requirements for joinder in Fed. R. Civ. P. 20. Rule 20 provides as follows:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). The Court may "on motion or on its own . . . sever any claim against a party." Fed. R. Civ. P. 21.

While the complaint alleges that all Plaintiffs are state inmates being housed in a county facility, each Plaintiff attaches an affidavit stating his own factual allegations. For example, Alstatt avers that he "could not receive worktime credit on the majority of my sentence because of an escape that I was convicted for in 2009 in which I should have received worktime credit for my previous convictions." Brown alleges that he injured his "right pinky finger which is now broken and disfigured as was caused by falling when I got off the bunk and slipped on a wet

2

floor because of the leaking roof and no step ladders on the beds." Musgrove states that he was denied "medical assistance from the med. dept. for my psychological needs . . . ." Van Cleave avers that FCDC staff members told him that "if myself or anyone else writes Frankfort about what goes on at this so called jail that myself and others would be put in isolated segregation (Hole) until there is no sunshine left on the earth." Each of these claims is unique to the individual Plaintiff and would require separate discovery and factual development.

While some of Plaintiffs' claims broadly overlap, there are simply too many claims unique to individual Plaintiffs to maintain this action jointly. "[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009). "'[T]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.'" *Id*. (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 U.S. Dist. LEXIS 48003, 2008 WL 2512916, at *4 (D.N.J. June 23, 2008)).

For the foregoing reasons, **IT IS ORDERED** that the complaint will be **SEVERED** pursuant to Fed. R. Civ. P. 21. The **Clerk of Court is DIRECTED** to docket the instant civil action as being filed by John D. Alstatt as the single plaintiff. All claims by purported Plaintiffs Ronald C. Fairchild, Curtis E. Brown, Larry C. Van Cleave, Thomas W. Bunn, and Ivan W. Musgrove are hereby **DISMISSED without prejudice** . The **Clerk of Court is DIRECTED to terminate** Fairchild, Brown, Van Cleave, Bunn, and Musgrove as parties to this action.

Moreover, the Clerk of Court is **DIRECTED** to send a § 1983 complaint packet to each of the terminated Plaintiffs should any of them wish to file his own individual civil action. This

Memorandum and Order does not prevent them from bringing their own actions if they so choose.

The Court will address the application to proceed without prepayment of fees filed by Alstatt in a separate Order.

Date:

cc: Plaintiff Alstatt, *pro se*
Ronald C. Fairchild
Curtis E. Brown
Larry C. Van Cleave
Thomas W. Bunn
Ivan W. Musgrove
4413.010